## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| **MARK KRANTZ & WILLIAM DUNNE,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **No. 14 C 0998** |
| | ) | |
| **v.** | ) | **Magistrate Judge Jeffrey Cole** |
| | ) | |
| **DT&C GLOBAL MANAGEMENT, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Mark Krantz and William Dunne have noticed a "Motion for Body Attachment" for hearing before me on February 21, 2018. It's a terse, dozen-sentence motion, citing no case law, or even any docket entries. The federal courts in this country are unanimous in holding that ""perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived.'" *Massuda v. Panda Exp., Inc*., 759 F.3d 779, 783-784 (7th Cir. 2014). *See also Price v. Board of Educ. of City of Chicago*, 755 F.3d 605, 608 (7th Cir. 2014). The Seventh Circuit has also advised attorneys that "[a]n advocate's job is to make it easy for the court to rule in his client's favor; at a minimum, this means stating the legal grounds for a motion." *Dal Pozzo v. Basic Mach. Co.*, 463 F.3d 609, 613 (7th Cir. 2006). Unfortunately, the plaintiffs here have given me very little to go on, up to and including whether I have authority to issue a body attachment. As filed, I cannot grant the plaintiffs' motion. Review of the history of this matter does nothing to change that.

Judge Shadur entered default judgment in this case in the plaintiffs' favor and against the defendants jointly and severally well over two years ago on November 23, 2015. [Dkt. #55].

According to the plaintiffs' motion, the plaintiffs issued a citation to discover assets on one of those defendants, John Jansen on January 21, 2016, but were unable to serve him. [Dkt. # 99, ¶1]. The plaintiffs do not say why or what happened. But six months went by before they filed a motion asking Judge Shadur to allow them to "serve the summons and complaint upon Jansen by leaving a copy at his home by posting and or serving somebody who answers the door and by mailing to Jansen at his last known address." [Dkt, # 99, ¶ 3; Dkt. #68]. Judge Shadur granted that motion the day it was presented on July 5, 2016. [Dkt. #70].

Armed with that order from Judge Shadur, the plaintiffs did nothing for several more months. [Dkt. #99, ¶ 4]. In fact, the next thing to happen was that the defendants, including Mr. Jansen, filed a motion to vacate the default judgment against them under Fed.R.Civ.P. 60 on October 26, 2016. [Dkt. #71]. Judge Shadur, for reasons stated in open court, denied that motion on November 4, 2016. [Dkt. #73]. Defendants filed a notice of appeal of that ruling on December 2, 2016.

On January 19, 2017, the plaintiffs finally issued another citation to discover assets as to Mr. Jansen. [Dkt. #83]. Thereafter, on March 3, 2017, the plaintiffs filed a motion for a rule to show cause. [Dkt. # 84]. The motion informed Judge Shadur that, pursuant to his July 5, 2016 order, they served Mr. Jansen via posting, setting up the citation exam for February 2, 2017. Mr. Jansen called plaintiffs' counsel to say he could not make that date but that he would call back to reschedule, but he had not done so. Judge Shadur granted this motion on the day it was presented and instructed plaintiffs' counsel to submit a written order for his signature. [Dkt. # 86]. Judge Shadur signed that order, which required Mr. Jansen to appear in court on April 20, 2017, to show cause why he should not be held in civil contempt, on April 10th. [Dkt. #88].

Mr. Jansen failed to appear on April 20th and, in the minute order reporting the failure, Judge Shadur directed plaintiffs' counsel to submit a written contempt order for his signature. [Dkt. #89].

The next activity on this case occurred on October 2, 2017, when Judge Shadur referred the matter to me for all post-judgment proceedings. [Dkt. #93]. The Seventh Circuit then ruled in the plaintiffs' favor on the defendants' appeal of the denial of their motion to vacate the default judgment. [Dkt. #98]. That finally brings things to the plaintiffs' pending motion, the "Motion for Body Attachment."

As indicated in the opening paragraph, the motion cannot be granted. Beyond the deficiencies already noted, and more important, there is no order finding Mr. Jansen in contempt. Judge Shadur required plaintiffs to submit a proper contempt order for his signature, and they apparently never did. Or at least one was not signed and filed. The present motion does not say that a contempt order was signed; only that, "[u]pon information and belief Plaintiff did so...." It concedes the order was never entered." [Dkt. # 99, ¶ 8]. But it is unlikely that had the order been submitted to judge Shadur he would not have acted instantly.

Judge Shadur, sadly, passed away on January 14, 2018. But he was actively handling his docket into late September of 2017 before he had to step away. It is no slight to any of the diligent judges currently on the bench to say that none are more diligent in managing a docket and attending to business than was Judge Shadur. For example, note the prompt rulings upon motions in this case. So as between Judge Shadur and his staff misplacing or neglecting a draft contempt order, and plaintiffs' counsel – who, it must be pointed out have demonstrated a tendency toward inactivity evidenced by more than one multiple month gaps in the docket – neglecting to submit the order, the latter is far more likely.

But, even assuming plaintiffs' counsel did submit a draft order, and it somehow escaped Judge Shadur's attention, why is it only now – ten months after Judge Shadur's April 20, 2017

minute order – that anyone is hearing of it? If plaintiffs' counsel had submitted a draft order, and it languished unattended to for as long as they claim, surely they would have alerted Judge Shadur if not by motion then by phone call. But there is no record of either.

But it really doesn't matter one way or the other, because without a signed order finding Mr. Jansen in contempt, I have no authority to grant the motion and issue an arrest warrant for Mr. Jansen. Without such an order, I have no idea what sanction for civil contempt Judge Shadur may have had in mind; there is a whole spectrum of sanctions available before the meter gets to arrest. *See, e.g.*, *Lightspeed Media Corp. v. Smith*, 830 F.3d 500, 508 (7th Cir. 2016); *S.E.C. v. First Choice Mgmt. Servs., Inc.*, 678 F.3d 538, 545 (7th Cir. 2012). Plaintiffs have attached a draft contempt order for my signature to their motion, but I have no authority to find Mr. Jansen in contempt for something he failed to do before Judge Shadur ten months ago. *See* 28 U.S.C. §636(e)(6). Accordingly, for all the foregoing reason, the motion [Dkt. #99] is denied without prejudice, and the hearing date of February 22, 2018 is stricken.

The plaintiffs are free to file an appropriately supported motion which is supported by case law and statute and which demonstrates the extent of my authority to do what is being asked and deals under state law with the adequacy of service.

Finally, the notice of motion and certificate of service [Dkt. #99, page 1] state that Mr. Kevin E. Bry in Oak Park, Illinois was served "via the ECF filing system on February 13, 2018, on or before the hour of 6:00 p.m." But Mr. Bry, who did apparently appear at a hearing on November 4, 2016, [Dkt. #78] is not shown as counsel or otherwise on the court's electronic docket. In other words, Mr. Bry never filed an appearance and it would certainly seem that the representation that he was served "via the ECF filing system" is mistaken. There is a further question about whether the

motion was properly served.

ENTERED: _____
**UNITED STATES MAGISTRATE JUDGE**

**DATE:** 2-14-18

5